**UNITED STATES of America, Plaintiff,**

v.

**Roman TAUER, et al., Defendants.**

No. 86–C–805.

United States District Court, E.D. Wisconsin.

April 28, 1987.

---

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., Jeffrey D. Snow, Trial Atty., Tax Div., Washington, D.C., for plaintiff.

Robert J. Kennedy, Jr., Crandon, Wis., for Roman Tauer & Betty Lou Tauer.

Linda M. Mintener, Madison, Wis., for State of Wisconsin Dept. of Revenue.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The United States commenced this action in August 1986, seeking to foreclose several outstanding tax liens that it has placed on real estate owned as joint tenants by defendants Roman and Betty Tauer. Subject matter jurisdiction is conferred by 28 U.S.C. §§ 1340 and 1345. On January 5, 1987, pursuant to Rule 15(a), Federal Rules of Civil Procedure, the United States and the Tauers stipulated to the filing of an amended complaint naming the State of Wisconsin as an additional party defendant. On January 12, 1987, the Tauers filed a cross-claim against the state, pursuant to Rule 13(g), Federal Rules of Civil Procedure, seeking to challenge in this proceeding the amounts of several delinquent tax assessments levied by the state. The state has moved to dismiss the Tauers' cross-claim. Its motion will be granted.

Prior to the commencement of this action, the department of revenue of the State of Wisconsin conducted field audits of Mr. Tauer's books and records, determined that the Tauers owed additional state income and sales taxes, and levied delinquent tax assessments against them pursuant to state statute. On August 18, 1980, the Tauers petitioned for a redetermination of 2 of the state's 34 delinquency assessments pursuant to § 71.12(1)(a) Wis. Stats. The 32 assessments that the Tauer's did not appeal are final. *See* § 71.12(1)(c) Wis.Stats. On February 19, 1981, the state department of revenue's appellate bureau denied the Tauer's petition(s) for redetermination. Under §§ 71.-12(1)(c) and 77.59(6)(a) Wis.Stats., the delinquency determinations upheld by the appellate bureau became final and conclusive after the Tauers failed to seek further review before the state's tax appeals commission pursuant to § 73.01(5) Wis.Stats.

The state has issued and docketed in State circuit court 34 separate delinquent tax warrants against the Tauers totalling $51,369.13 in principal. Under § 71.13(3)(b) Wis.Stats., "upon docketing the amount of the warrant[s] ... shall be considered in all respects as a final judgment...." By its cross-claim against the state, the Tauers seek to redetermine in this litigation the amount of the docketed delinquency warrants.

■ There are several reasons why as a matter of law the Tauers may not pursue their cross-claim against the state in this proceeding. First, as the state contends, the doctrine of sovereign immunity prevents private citizens from suing a state in federal court on fiscal claims absent a "clear declaration of a state's consent to suit...." *Kennecott Cooper Corp. v. Tax Comm'n*, 327 U.S. 573, 577, 66 S.Ct. 745,

747, 90 L.Ed. 862 (1946). Section 775.10 Wis.Stats., upon which the Tauers rely, does not clearly declare the intention of the Wisconsin legislature to consent to being sued in this court on any claim, let alone on the particular cross-claim sought to be maintained. Whether one characterizes this action as legal, equitable, in rem, or otherwise, the contention that § 775.10 is broad enough to operate as a waiver of sovereign immunity in this case is unsupportable in light of the elaborate procedures for reviewing state tax assessments established elsewhere in the Wisconsin statutes, notably chapters 71, 73, and 77. Section 775.10 Wis.Stats. simply does not purport to waive any of Wisconsin's sovereign immunities for purposes of allowing suit in federal court.

■ The fact that the state has filed an answer to the Tauers' cross-claim is insufficient to establish a waiver of its sovereign immunity. "As a general rule the legislature is the proper body to authorize suits against the state." *Lister v. Board of Regents*, 72 Wis.2d 282, 294, 240 N.W.2d 610 (1976). In any event, the state specifically raised and thereby preserved its right to rely on the doctrine of sovereign immunity as an affirmative defense in its answer to the Tauer's cross-claim.

■ Also, the Tauer's reliance on 26 U.S.C. § 7403(c) to establish subject matter jurisdiction over their cross-claim is misplaced. Section 7403 proceedings are not designed to reexamine state tax assessments which have been finally determined in accordance with state law. The state is an "innocent third-party," *United States v. Rodgers*, 461 U.S. 677, 698, 103 S.Ct. 2132, 2145, 76 L.Ed.2d 236 (1983), which may be brought into this proceeding along with other claimants of interest in the Tauers' property solely for the limited purpose of establishing the rights of the United States as against them in one action, without regard to the claims that they may have as between or against each other. *See Pettyjohn v. Pettyjohn*, 192 F.2d 322, 326 (8th Cir.1951).

■ The Tauers' remaining arguments in opposition to the state's motion to dismiss are legally groundless. Their request for their day in court to challenge the state's field audits comes too late and in the wrong forum. Moreover, neither § 806.07(1)(h) Wis.Stats. nor Fed.R.Civ.Pr. 60(b) is available to them in this proceeding. The Tauers have simply failed to overcome the state's sovereign immunity to suit or, alternatively, to demonstrate a valid legal theory on which to pursue their cross-claim.

Therefore, IT IS ORDERED that the State of Wisconsin's motion to dismiss the Tauers' cross-claim be and hereby is granted, with costs.